## Kass v. Rye Valley Country Club

Before Forrest, P. J., Groshens and Quinlan, JJ.

*Wisler, Pearlstine, Talone & Gerber,* for plaintiff.

*Wright, Spencer, Manning & Sagendorph,* for defendant.

FORREST, P. J., June 17, 1963.—This case comes before us on defendant's motion for judgment on the pleadings.

Plaintiff brought this action in trespass to recover damages for personal injuries sustained as a result of alleged negligence of defendant country club, of which plaintiff was a member. Defendant filed an answer containing new matter, alleging a written agreement between the parties hereto that defendant would

not be liable for personal injuries sustained by a member. Plaintiff did not reply to new matter. Whereupon, defendant made this motion for judgment on the pleadings.

The averments of defendant's new matter are deemed admitted. Accordingly, the relevant facts may be stated as follows:

Plaintiff, Harold Kass, made written application for membership in defendant, Rye Valley Country Club. This provided, inter alia:

"If my application is accepted, I waive my claim for any loss or damage . . . for any personal injury while a member.

"I agree to abide by the club rules and regulations . . . I acknowledge receipt of a copy of rules and regulations."

The rules and regulations provided, inter alia:

"f. The club will not be responsible for personal injuries sustained by members . . ."

Defendant accepted the application, and plaintiff became a member of the defendant club.

Defendant contends that by his application for membership and acceptance of the rules and regulations of defendant, plaintiff expressly waived any claim against defendant arising from his personal injuries. In a prior action against this very defendant, we decided that the only reasonable construction of a contract such as this is that which precludes an action by plaintiff, a business invitee, against the owner for injuries sustained as a result of the latter's negligent conduct: Slawetsky v. Rye Valley Country Club, September term, 1957, no. 349, opinion by Forrest, J., dated May 29, 1959, unreported. We adhere to our opinion in the Slawetsky case, supra.

And now, June 17, 1963, it is ordered, adjudged and decreed that the prothonotary shall enter judgment on the pleadings for defendant, Rye Valley Country Club.